UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Cr. No.: 6:08-cr-00668-GRA |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Joel Aundre Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Defendant's *pro se* Motion for Appointment of Counsel and Motion under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). Defendant filed the *pro se* Motion under 18 U.S.C. § 3582(c)(2) on April 6, 2012 and the *pro se* Motion for Appointment of Counsel on August 6, 2012. *See* ECF Nos. 37 & 39. For the following reasons, Defendant's Motions are DENIED.

## Background

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this amendment to the list of

amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. See *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. See *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

I.  *Motion for Appointment of Counsel*

"[A] criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). But, the Court has the power to exercise its discretion to appoint counsel for certain post-conviction proceedings in some exceptional cases. See *Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973). However, a motion pursuant to § 3582(c) does not fit within this category. See *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (holding that due process did not require a court to appoint counsel to resolve § 3582(c)(2) motion). Therefore, Defendant's Motion for Appointment of Counsel is hereby DENIED.

## II. Motion for Reduction of Sentence

Defendant was originally sentenced to 188 months imprisonment. *See* ECF No. 33. Defendant was sentenced pursuant to the U.S.S.G. § 2D1.1(c), and 21 U.S.C. § 841(b)(1)(B) (2006), which imposed a statutory minimum sentence of five years and a statutory maximum sentence of forty years. *See* ECF No. 30. Defendant's sentence was enhanced due to his classification as a career offender under U.S.S.G. § 4B1.1. Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1 or Rule 35 and Defendant did not appeal his sentence.

After taking into account all of the amendments to §§ 1B.10 & 2D1.1, the Court finds that Defendant's sentence will remain the same. Although the new amendment would have likely lowered Defendant's initial offense level, his offense level and criminal history were enhanced based on his status as a career offender pursuant to U.S.S.G. § 4B1.1.[1]

In this case, Defendant was sentenced as a career offender. The base offense level determined under § 4B1.1 is a 34 rather than any lower offense level calculated. Therefore, although Defendant's initial base offense level might be different had he not been sentenced as a career offender, the fact that he was sentenced as a career offender under § 4B1.1 precludes any reduction in offense level based on the new Amendment. In effect, Defendant's sentence range and final sentence remain the same.

---

[1] According to U.S.S.G. § 4B1.1, "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence of a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1 and 1B1.10, the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), and the advisory nature of the Sentencing Guidelines, it is the judgment of this Court that all provisions of Defendant's previously imposed sentence shall remain the same. Therefore, Defendant's Motion for Reduction of Sentence is DENIED.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Appointment of Counsel be **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion for Reduction of Sentence be **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August 13, 2012
Anderson, South Carolina